| Abiah v Boafo |
| :---: |
| 2025 NY Slip Op 32019(U) |
| June 5, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 161270/2024 |
| Judge: Michael Katz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. MICHAEL KATZ                     PART                    24

                            *Justice*

-------------------------------------------------------------------------------X

JEREMIAH ABIAH,                                   INDEX NO.              161270/2024

                        Plaintiff,               MOTION DATE                 N/A

            - v -                                 MOTION SEQ. NO.            002

YAA BOAFO, MAAMEYAA BOAFO LLC,                    **DECISION + ORDER ON**
                                                 **MOTION**
                        Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32

were read on this motion to/for                            DISMISSAL                           .


In this action, plaintiff Jeremiah Abiah seeks to recover damages against defendants Yaa Boafo and Maameyaa Boafo LLC for alleged: (i) marriage fraud (first cause of action); (ii) intentional infliction of emotional distress (second cause of action); (iii) parental alienation (third cause of action); (iv) malicious intent and stalking (fourth cause of action); (v) unspecified tort (fifth cause of action); and (vi) fraudulent concealment (sixth cause of action).

Defendants now move by order to show cause for an order consolidating the Amended Verified Complaint with the matrimonial action, *Yaa Boafo-Abiah v Jeremiah Abiah*, Index No. 320567/2021, and/or, in the alternative, dismissing the six causes of action.

Plaintiff appeared before this Court on June 5, 2025 for the scheduled oral argument of this motion but refused to participate (other than to question the Court's legal authority to preside over the proceeding absent his consent).[1]

---

[1]     Plaintiff has filed an Article 78 proceeding naming the undersigned as a respondent in my official capacity. This Court believes it can continue to be fair and impartial in presiding over this action. *See,* Advisory Committee on Judicial Ethics Opinions 21-72 (April 29, 2021); 17-05 (March 15, 2017); 13-41 (April 25, 2013); and 98-69 (June 19, 1998).

**161270/2024   ABIAH, JEREMIAH vs. BOAFO, YAA ET AL**                        **Page 1 of 5**
 Motion No.  002

1 of 5

*First cause of action - Marriage Fraud*

The Amended Complaint alleges that:

85.     Plaintiff is a victim of marriage fraud and is therefore entitled to bring a civil action pursuant to, The Immigration and Nationality Act (INA) includes penalties for marriage fraud (see 8 U.S.C. § 1325(c)), and the individual involved may face both criminal and civil penalties.

86. The Defendants' acts and omissions, taken separately and/or together, as outlined above, constitute a violation of 8 U.S.C § 1326(c). Specifically, Defendant Yaa Boafo perpetuated fraud on Mr. Abiah and induced Plaintiff into marriage by misrepresenting her intentions, using the marriage as a means to gain U.S. residency. This constitutes fraudulent inducement as defined under NewYork law.

Pursuant to 8 USC §1325(c), "[a]ny individual who knowingly enters into a marriage for the purpose of evading any provision of the immigration laws shall be imprisoned for not more than 5 years, or fined not more than $250,000, or both."

Plaintiff, however, has failed to cite any authority showing that 8 USC § 1325(c) provides for a private right of action.[2]

*Second cause of action - intentional infliction of emotional distress*

The Amended Complaint alleges that:

90. Plaintiff is a victim of stalking within the meaning of N.Y. Penal Law § 120.45(2) and is therefore entitled to bring a civil action under New York Civil Rights Law § 79-n.

91. The Defendants' acts and omissions, taken separately and/or together, as outlined above, constitute a violation of New York Civil Rights Law § 79-n. Specifically, Defendant Yaa Boafo perpetuated conduct, including violent outbursts, emotional manipulation, and using Plaintiff's medical information without consent, requiring him to meet Ms. Boafo's demands and desires. At all relevant times, Defendant participated in and facilitated the harboring and threats of exposure of Plaintiff's personal HIPAA protected information for purposes of force, fraud and coercion intentionally causing Plaintiff severe emotional distress.

---

[2]     A citation set forth in the Amended Complaint does not appear to correspond to an actual case.

**161270/2024   ABIAH, JEREMIAH vs. BOAFO, YAA ET AL**                                           **Page 2 of 5**
  Motion No.  002

2 of 5

[* 2]

Pursuant to Civil Rights Law § 79-n(2),

[a]ny person who intentionally selects a person or property for harm or causes damage to the property of another or causes physical injury or death to another, or subjects a person to conduct that would constitute harassment under section 240.25 of the penal law, or summons a police officer or peace officer without reason to suspect a violation of the penal law, any other criminal conduct, or an imminent threat to a person or property, in whole or in substantial part because of a belief or perception regarding the race, color, national origin, ancestry, gender, religion, religious practice, age, disability or sexual orientation of a person, regardless of whether the belief or perception is correct, or any person who aids or incites any such conduct, shall be liable, in a civil action or proceeding maintained by such individual or group of individuals, for injunctive relief, damages, or any other appropriate relief in law or equity.

Plaintiff, however, has failed to allege that defendants took any action because of a belief or perception regarding his race, color, national origin, ancestry, gender, religion, religious practice, age, disability or sexual orientation.

Moreover, plaintiff has failed to allege sufficient facts showing that defendant Boafo "is guilty of harassment in the first degree when [she] intentionally and repeatedly harasses" plaintiff by following him "in or about a public place or places or by engaging in a course of conduct or by repeatedly committing acts which places [plaintiff] in reasonable fear of physical injury." Penal Law § 240.25.[3]

Finally, plaintiff has failed to state a claim for intentional infliction of emotional distress, as plaintiff has made no showing that defendant engaged in conduct that "has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community (internal quotations omitted)."*Howell v New York Post Co.,* 81 NY2d 115, 122 (1993), quoting *Murphy v American*

---

[3] Although the Amended Complaint is premised upon a purported violation of Penal Law §120.45(2), plaintiff has also failed to allege sufficient facts showing that defendant Boafo has "intentionally, and for no legitimate purpose, engage[d] in a course of conduct" directed at plaintiff, that defendant knows or reasonably should know that such conduct "causes material harm to the mental or emotional health" of plaintiff, and that defendant "was previously clearly informed to cease that conduct." *Id.* In any event, stalking in the fourth degree is not referenced in Civil Rights Law § 79-n.

**161270/2024   ABIAH, JEREMIAH vs. BOAFO, YAA ET AL**
**Page 3 of 5**
  Motion No.  002

3 of 5

[* 3]

*Home Prods. Corp.,* 58 NY2d 293, 303 (1983), quoting Restatement [Second] of Torts § 46, comment (d).

*Third cause of action - parental alienation*

The Amended Complaint alleges that "Ms. Boafo's actions caused emotional distance between Plaintiff and his son, thereby alienating Plaintiff's affections and isolating him emotionally."

Plaintiff, however, has cited no authority showing that alleged parental alienation constitutes a recognizable cause of action for damages.

Moreover, in a Decision issued on March 6, 2024, after a custody trial in the parties' matrimonial action, this Court specially found that "Plaintiff has attempted to co-parent with defendant and to foster his relationship with the child."

*Fourth cause of action – malicious intent and stalking*

The Amended Complaint alleges that defendant engaged in criminal acts, including stalking in the fourth degree (Penal Law § 120.45[2]), which were the subject of extensive testimony during the custody trial and which this Court did not find to be credible.

Moreover, plaintiff alleged essentially the same facts in a family offense petition he filed in the Family Court, New York County on December 31, 2024. That petition was dismissed with prejudice by the Family Court on March 26, 2025.

*Fifth cause of action – unspecified tort claim*

The Amended Complaint alleges that "The Defendant Corporation has financially and otherwise benefited as a result of these acts and omissions by keeping Mr. Boafo, the malicious and abusive owner of the Defendant Corporation, satisfied. It benefited from facilitating her behavior to the extent it kept the mercurial actress happy and kept Mr. Abiah obedient to Ms. Boafo and the Corporations' interests."

**161270/2024   ABIAH, JEREMIAH vs. BOAFO, YAA ET AL**                    **Page 4 of 5**
  **Motion No.  002**

[* 4]                                    4 of 5

Plaintiff, however, has failed to set forth a cognizable cause of action.

*Sixth cause of action – fraudulent concealment*

The Amended Complaint alleges that:

108. Plaintiff is a victim of fraudulent concealment and is entitled to bring a civil action under the Civil Common Law Fraudulent Concealment (tort law).

109. The Defendants' acts and omissions, taken separately and/or together, as outlined above, constitute a violation of Common Law Fraudulent Concealment Tort Law. Specifically, Defendant Yaa Boafo perpetuated fraud on Mr. Abiah induced Plaintiff into marriage by misrepresenting her intentions, using the marriage as a means to gain U.S. residency. This constitutes fraudulent inducement as defined under New York law.

Plaintiff, however, has failed to allege sufficient facts showing that defendant's visa was set to expire at the time of the marriage and/or that defendant concealed any facts from plaintiff.

* * *

Accordingly, this Court finds that the Amended Complaint fails to state a cause of action upon which relief can be granted; and it is hereby

ORDERED that the motion is granted to the extent of dismissing the Amended Complaint with prejudice; and it is further

ORDERED that the Clerk may enter judgment accordingly.

This constitutes the decision and order of this Court.

20250605133253MKATZ128D854B42C540B494F8742BE506E35D

**6/5/2025**
**DATE**

**MICHAEL KATZ, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**161270/2024   ABIAH, JEREMIAH vs. BOAFO, YAA ET AL**
**Motion No.  002**

Page 5 of 5

[* 5]